## J. HANNAHAN *v.* THE STATE.

1. CHARGE OF THE COURT.— In responding to a request for further instructions, the judge must limit his instruction to the particular matter indicated by the jury.

2. SAME — ACCOMPLICE TESTIMONY. — The jury having asked whether they could convict if they believed a principal witness for the State was a *particeps criminis*, the court instructed them that they could if the proof, in itself or in connection with other evidence, established the allegations of the indictment, "and if there are any other facts and circumstances which you have found from the testimony to be true, and which tend to connect the defendant with the commission of the offence, other than the mere fact of its commission," and supplemented the instruction with the criteria usually applied to testimony in general. *Held*, that the instruction is not limited to the question put by the jury, and, as a response to it, is inadequate and misleading.

APPEAL from the District Court of Uvalde.    Tried below before the Hon. T. M. PASCHAL.

The trial was for theft of a cow.    Frank West and other witnesses for the State testified that the appellant killed the animal and disposed of the beef.    Two witnesses for the defence testified that she was killed and disposed of by Frank West, and that the appellant, though present, had nothing to do with it.

*Teal & Dial*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.    We deem it unnecessary to notice but one matter presented by the record, as the others are not likely

to arise on another trial. After the trial had been concluded, and the jury had retired to consider of their verdict, they returned into court and asked additional instructions, indicating the matter upon which they wished to be informed by the following question propounded to the judge : " I and three other jurymen would like to know whether we can convict if we fully believe that Frank West is one of the party concerned in the killing of this animal alleged to be stolen by John Hannahan ; we are not willing to discard one part of the evidence unless all, and we cannot agree on this point." The question is in writing, and signed by one of the jurymen.

On the question being presented to the judge, he gave the jury the following additional charge, to wit : " The jury are instructed that you can convict on the testimony of any person whom you believe to be a party concerned in the stealing of an animal charged to be stolen, provided, *first*, the evidence is sufficient in itself, or in connection with other evidence, to prove the allegations in the indictment, and which are simply recapitulated in sect. 2 of the charge of the court ; and, *second*, if there are any other facts and circumstances which you have found from the testimony to be true, and which tend to connect the defendant with the commission of the offence, other than the mere fact of its commission, you are further instructed, in reply to your second inquiry, that if you cannot harmonize or reconcile the conflict in the testimony, you may accept or reject the testimony of any witness, in whole or in part, just as it may appear to you to be worthy of credit and belief. This is your peculiar province, to weigh evidence and judge of the credibility of witnesses. To this end you must exercise your common sense, your knowledge of human nature in general and of the witnesses in particular. Their manner of testifying, apparent freedom from bias or prejudice, sources and opportunities of knowledge which they possess, — all these are legitimate criteria to guide you

in passing intelligibly on what weight or credit you will give to the testimony of the witnesses."

The act of the jury in appearing in court and asking further instructions was warranted by art. 696 of the Code of Criminal Procedure, and by the same article the judge is required to give the instruction in writing; but the judge is required to confine his additional charge to the question asked by the jury, and it is expressly provided that "no instruction shall be given except upon the particular point on which it is asked." Code Cr. Proc., art. 697.

We are of opinion that the judge enlarged upon the question to an extent not warranted by the law and not called for by the interrogatory propounded by the jury; and further that, even if allowed under the circumstances, the charge does not state the law of the question correctly, nor in a manner not liable to be construed by the jury, though doubtless not so intended, to permit the jury to convict the defendant on the uncorroborated testimony of a witness who they might be fully satisfied from the evidence was a guilty participant in the offence for which he was being tried, and to permit the jury arbitrarily to credit or discredit the testimony of the witnesses or any of them, and without reference to the well-established facts in evidence, and their oaths, which required them to decide the case according to the law and the testimony adduced on the trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*